# EXHIBIT 3

**RAÚL LABRADOR**
**ATTORNEY GENERAL OF DAHO**

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Idaho Department of Correction

**KRISTINA M. SCHINDELE, ISB #6090**
Deputy Attorneys General, Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2095
Facsimile: (208) 327-7485
E-mail:kmagnell@idoc.idaho.gov
       krschind@idoc.idaho.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br>       Plaintiff,<br><br>v.<br><br>**JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity,<br>       Defendants. | Case No. 1:21-cv-359-DCN<br><br>DEFENDANTS RESPONSES TO PLAINTIFF'S SIXTH REQUEST FOR ADMISSIONS |

Defendants, by and through their attorney of record, the Idaho Attorney General's Office, hereby respond to Plaintiff's Sixth Request for Admissions. Defendants deny each and every allegation contained in Plaintiff's Sixth Request for Admissions unless specifically and expressly admitted herein.

Discovery in this matter is ongoing; therefore, Defendants do not possess complete information at the present time. Defendants reserve the right to supplement or amend any or all

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 1

the responses contained herein once they have had an opportunity to complete discovery in this action.

Defendants object to any instructions, requests, or procedures set forth in Plaintiff's Fifth Request for Admissions that are contrary to the Federal Rules of Civil Procedure. Defendants will respond to these requests in accordance with the Federal Rules of Civil Procedure.

Defendant Tewalt responds he is responsible for implementing Idaho Code § 19-2716 as revised and determining the procedures to be used in an execution. Defendant Tewalt further responds he and whomever he designates are responsible for locating a source for execution chemicals and acquiring chemicals. Defendant Richardson is responsible for taking possession of execution chemicals once they arrive on IDOC premises until he releases the execution chemicals to the medical team leader.

## Objections

Defendants object to Plaintiff's requests for admissions related to the execution of Thomas Creech. Mr. Creech is not a plaintiff in this proceeding. The actions taken in response to the death warrant issued for Mr. Creech are not relevant to this proceeding.

## Requests for Admission

146.   Admit or deny that IDOC identified a source of Execution Drugs prior to October 10, 2023.

**Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 2

the date that IDOC identified the source of execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

**Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt**.**

147. Admit or deny that IDOC identified a source of Execution Drugs prior to October 11, 2023.

    **Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

    **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

148. Admit or deny that IDOC identified a source of Execution Drugs prior to October 12, 2023.

    **Defendant Tewalt Answer**: Denied. IDOC had identified a source of execution chemicals on or about October 12, 2023.

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 3

**Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

149. Admit or deny that IDOC identified a source of Execution Drugs prior to October 13, 2023.

    **Defendant Tewalt Answer**: Denied. IDOC had identified a source of execution chemicals before October 13, 2023.

    **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

150. Admit or deny that IDOC obtained Execution Drugs prior to October 10, 2023.

    **Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC obtained the execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

    **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

151. Admit or deny that IDOC obtained Execution Drugs prior to October 11, 2023.

    **Answer:** Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells,

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 4

supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC obtained the execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

152. Admit or deny that IDOC obtained Execution Drugs prior to October 12, 2023.

**Defendant Tewalt Answer**: Admit that IDOC had obtained execution chemicals by October 12, 2023.

**Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

153. Admit or deny that IDOC obtained Execution Drugs prior to October 13, 2023.

**Defendant Tewalt Answer**: Admit that IDOC had obtained execution chemicals by October 13, 2023.

**Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

154. Admit or deny that Director Tewalt selected Method 1 for Thomas Creech's scheduled November 2023 execution, as described in the Execution Chemicals Form.

**Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA as the Method of Execution for Mr. Creech is not relevant to these proceedings. Notwithstanding this objection, Defendant Tewalt denies he has selected Method 1.

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 5

.

> **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

155. Admit or deny that Director Tewalt selected Method 2 for Mr. Creech's scheduled November 2023 execution as described in the Execution Chemicals Form.

> **Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA as the Method of Execution for Mr. Creech is not relevant to these proceedings. Notwithstanding this objection, Defendant Tewalt denies he has selected Method 2.

> **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

156. Admit or deny that Director Tewalt selected Method 3 for Mr. Creech's scheduled November 2023 execution as described in the Execution Chemicals Form.

> **Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA as the Method of Execution for Mr. Creech is not relevant to these proceedings. Notwithstanding this objection, Defendant Tewalt denies he has selected Method 3.

> **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

157. Admit or deny that Director Tewalt selected Method 4 for Mr. Creech's scheduled November 2023 execution as described in the Execution Chemicals Form.

> **Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA as the Method of Execution for Mr. Creech is not relevant to these proceedings. Notwithstanding this objection, Defendant Tewalt admits he has selected Method 4.

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 6

**Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

158. Admit or deny that IDOC obtained each of the chemicals listed in the Method that it selected from the Execution Chemicals Form.

**Defendant Tewalt Answer**: Admit.

**Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt

159. Admit or deny that the source of the Execution Chemicals currently in IDOC's possession has agreed to provide drugs again in the future for subsequent executions.

**Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure as requested in this RFA could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure as requested in this RFA could create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence. Defendant Tewalt objects to this RFA as subsequent executions is not relevant to the proceedings in this matter.

**Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 7

160. Admit or deny that IDOC would potentially use the Execution Chemicals currently in its possession to execute Mr. Pizzuto.

    **Defendant Tewalt Answer**: Admit.

    **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

161. Admit or deny that the Execution Chemicals currently in IDOC's possession are compounded.

    **Defendant Tewalt Answer**: Deny.

    **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

162. Admit or deny that the Execution Chemicals currently in IDOC's possession are in powder form.

    **Defendant Tewalt Answer**: Deny.

    **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

163. Admit or deny that the Execution Chemicals currently in IDOC's possession have not yet been tested in the fashion described on pages 2–3 of SOP 135.

    **Defendant Tewalt Answer**: Deny.

    **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

164. Admit or deny that IDOC has chosen a laboratory to perform the testing described on pages 2–3 of SOP 135 with respect to the Execution Chemicals currently in IDOC's possession.

    **Defendant Tewalt Answer**: Deny.

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 8

> **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt

165. Admit or deny that IDOC has generated the "chain of custody document" described on page 19 of SOP 135 for the Execution Chemicals currently in IDOC's possession.

> **Defendant Tewalt Answer**: Admit.

> **Defendant Richardson Answer**: Admit.

166. Admit or deny that IDOC determined the expiration or beyond-use date of the Execution Chemicals as described on page 19 of SOP 135 for the Execution Chemicals currently in IDOC's possession.

> **Defendant Tewalt Answer**: Admit.

> **Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

167. Admit or deny that IDOC generated the "observational logbook" described on page 15 of SOP 135 with respect to Mr. Creech's scheduled November 2023 execution.

> **Defendant Tewalt Answer**: Defendant Tewalt defers to Defendant Richardson on this Request for Admission.

> **Defendant Richardson Answer**: Defendant Richardson objects to this RFA as the preparatory acts completed by IMSI staff upon issuance of the death warrant for Mr. Creech are not relevant to these proceedings, which involve a completely different resident. Notwithstanding this objection, Defendant Richardson admits IMSI staff generated an observational logbook as required by SOP 135.

168. Admit or deny that Warden Richardson generated the "execution log" described on pages 21–22 of SOP 135 with respect to Mr. Creech's scheduled November 2023 execution.

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 9

**Defendant Tewalt Answer**: Defendant Tewalt defers to Defendant Richardson on this Request for Admission.

**Defendant Richardson Answer**: Defendant Richardson objects to this RFA as the preparatory acts completed upon issuance of the death warrant for Mr. Creech are not relevant to these proceedings, which involve a completely different resident. Notwithstanding this objection, Defendant Richardson admits he generated an execution logbook as required by SOP 135.

169. Admit or deny that the Execution Chemicals currently in IDOC's possession are located in Warden Richardson's office.

**Defendant Tewalt Answer**: Admit.

**Defendant Richardson Answer**: Admit.

170. Admit or deny that the Execution Chemicals currently in IDOC's possession are in a refrigerator.

**Defendant Tewalt Answer**: Deny.

**Defendant Richardson Answer**: Deny.

171. Admit or deny that the Execution Chemicals currently in IDOC's possession are frozen.

**Defendant Tewalt Answer**: Deny.

**Defendant Richardson Answer**: Deny.

172. Admit or deny that IDOC intends to use the same medical team for Mr. Pizzuto's execution and for Mr. Creech's execution.

**Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA as the Method of Execution for Mr. Creech is not relevant to these proceedings. Notwithstanding this objection, Defendant Tewalt admits.

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 10

**Defendant Richardson Answer**: Defendant Richardson is not responsible for the subject matter of this RFA and defers to Defendant Tewalt.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 27th day of November 2023.

Signed: /s/ Josh Tewalt
Josh Tewalt

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 27th day of November 2023.

Signed: /s/ Tim Richardson
Tim Richardson

### CERTIFICATE OF SERVICE

I certify that on this 27th day of November 2023, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
Stanley J. Panikowski: stanley.panikowski@dlapiper.com
Sarah E. Kalman: sarah.kalman@dlapiper.com

/s/ Kristina M. Schindele
Kristina M. Schindele

Defendants' Response to Plaintiff's Sixth Set of Requests for Admission – Page 11