# EXHIBIT 12

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOSH TEWALT, Director, Idaho Department of Correction, in his official capacity; TYRELL DAVIS, Warden, Idaho Maximum Security Institution, in his official capacity., <br><br> Defendants. | Case No. 1:21-cv-00359-DCN <br><br> **SCHEDULING ORDER** <br><br> **(EXPEDITED TRACK)** |

In accordance with the agreements reached in the stipulated Litigation Plan submitted by counsel to the Court on October 7, 2022, and to further the just, speedy, and inexpensive determination of this matter,

**NOW THEREFORE, IT IS SO ORDERED** that the following deadlines and procedures will govern this litigation:

1. <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed by **March 24, 2023**[1] This deadline, absent good cause, will **not** be extended even if you are having

---

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the 20-page limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an over-length brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

SCHEDULING ORDER - 1

discovery disputes. Late filed discovery disputes may not be considered good cause.

    a.    This is the critical event for case management and will dictate when the trial will be set.

    b.    As provided below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions. To facilitate a prompt trial setting, I will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument. If a decision is not issued within this time frame, I invite inquiry from counsel as to the status of the decision.

2.   <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall be filed on or before **October 14, 2022**. This deadline shall only be extended for good cause shown.[2] All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target. Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

3.   <u>Discovery Plan</u>: All discovery shall be in accordance with the Federal Rules of Civil

---

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

Procedure, the Local Rules, and the parties' stipulated discovery plan which is incorporated herein by reference.

4. Clawback: Pursuant to Fed. R. Evid. 502(d), and Section VII of the parties' stipulated discovery plan, it is hereby **ORDERED** that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

5. Completion of Discovery: All *factual discovery* will be completed by **January 13, 2023**. These deadlines are for the completion of all discovery; it is not a deadline for discovery requests. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date. The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damage issues, until after I have ruled on any dispositive issues.

6. Disclosure of Experts:

   a. The Plaintiff shall disclose the experts intended to be called at trial on or before **January 13, 2023**.

   b. The Defendant shall disclose the experts intended to be called at trial on or before **January 27, 2023**.

   c. All rebuttal experts shall be identified on or before **February 10, 2023**.

   d. All *expert discovery* will be completed by **February 24, 2023**.

7. Rules Governing Disclosures of Expert Witnesses: Within the deadlines for disclosure of expert witnesses set out in the scheduling order, the parties shall also

provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

8. <u>Scheduling of Trial and Pretrial Conference</u>: Plaintiff's counsel shall contact my Courtroom Deputy, Patti Richmond, within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephone scheduling conference between counsel and me in which the trial and pretrial conference shall be set. If no dispositive motion is filed, Plaintiff's counsel shall immediately contact Ms. Richmond within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

9. <u>Law Clerk</u>: If counsel has a procedural or legal question that needs to be brought to my attention, please contact Kade Allred, the law clerk assigned to this case at (208) 478-8393. If this case is later reassigned or referred to another judge, consult the [Judges' webpage](http://id.uscourts.gov/district/judges/Welcome.cfm)[3] for the judges' staff directory.

10. <u>Handling of Discovery Disputes and Non-disposition Motion</u>:

    a.   Typically, I will **not** refer this case to a magistrate judge for resolution of

---

[3] http://id.uscourts.gov/district/judges/Welcome.cfm

SCHEDULING ORDER - 4

        discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

    b.    The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

    c.    In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Kade Allred, the law clerk assigned to this case, and shall provide him with a brief written summary of the dispute and the parties' respective positions. Mr. Allred may be able to offer suggestions that will resolve the dispute without the need of my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

    d.    Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

11.    <u>Calendaring Clerk</u>: Scheduling matters and calendar issues may be directed to **Patti Richmond**, who may be reached at (208) 478-8392.

12. <u>Docketing Clerk:</u> If you have a docketing question, please contact a docket clerk at (208) 334-1361.

DATED: October 13, 2022

David C. Nye
Chief U.S. District Court Judge